MARTÍNEZ, PLAINTIFF AND RESPONDENT, *v.* AMERICAN RAILROAD
COMPANY OF PORTO RICO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an action
for the declaration of a servitude and damages.

MOTION of respondent for the dismissal of the appeal.

No. 1044.—Decided January 22, 1914.

APPEAL—JURISDICTION.—When in reversing a judgment appealed from in an
action begun in a municipal court this court orders the corresponding dis-
trict court to fix the amount of the damages and the same having been fixed
in the sum of $100 the prejudiced party appeals to this court, the appeal
will be dismissed because the amount of the judgment appealed from does
not exceed $300, which is the amount required to give this court jurisdiction
in such cases.

The facts are stated in the opinion.
The respondent filed a brief *pro se.*
*Mr. Federico G. Pérez Almiroty* for appellant.
MR. JUSTICE WOLF delivered the opinion of the court.

Originally an action was filed in the Municipal Court of
Mayagüez for the declaration of a servitude and for dam-
ages. In due course the District Court of Mayagüez rendered
judgment against the complainant who appealed to this court
and the judgment was reversed. *Martínez* v. *The American
R. R. Co.,* 19 P. R. R., 925. The servitude was declared by
this court and the case sent back for an assessment of dam-
ages. Accordingly the district court assessed damages
against the defendant in the sum of $100 without costs and
it appealed. The judgment latterly rendered by the District
Court of Mayagüez is for such $100 damages and contains
no other pronouncement.

The respondent filed a motion that this court dismiss the
case *de officio* for lack of jurisdiction. The motion was duly
notified to appellant, but neither of the parties appeared on
the day of the hearing. When respondent moves to dismiss,

the court is acting in response to the motion, and hence the action is not *de officio*.

As this was a case that originated in the municipal court, the main question having been settled previously, the point to be decided was confined to the determination of the sum of damages stated in the complaint; and inasmuch as such damages were fixed by the judgment in the amount of $100, the amount in litigation as set forth in the judgment appealed from does not exceed the sum of $300, the amount necessary to give jurisdiction to the Supreme Court in cases of this kind. Hence, in view of the provisions of section 295 of the Code of Civil Procedure as amended by section 6 of the law of March 9, 1905, as well as of the opinion of this court in the case of *Nadal* v. *The American R. R. Co.*, 19 P. R. R., 1024, the appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.